IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRYAN D. STEWART                                                        PLAINTIFF

v.                            CASE NO.       11-2256

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

The plaintiff filed his applications for SSI on August 17, 2010 , alleging an onset date of January 1, 1987, due to plaintiff's bipolar; memory loss; antisocial; depression; anxiety; and back, shoulder, and knee pain (Tr. 10, 194, 149-57).[1] Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on July 20, 2011. Plaintiff was present and represented by counsel. At the time of the

---

[1] It appears that the Plaintiff had previous applications in 1990, 2003, and 2007 which were denied. (T. 26).

administrative hearing, plaintiff was 45 years of age and possessed a high school education. The Plaintiff had past relevant work ("PRW") experience as a cook and construction worker (T. 175).

On September 15, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's depressive disorder and mixed substance abuse did not meet or equal any Appendix 1 listing. T. 13. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where required supervision is simple, direct, and concrete. " T. 14. With the assistance of a vocational expert, the ALJ then determined Plaintiff could return to his past relevant work as an Order Filler. T. 18.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The Plaintiff first contends that the ALJ erred in his findings at Step Two when the ALJ determined that the Plaintiff had severe impairments only of depressive disorder and substance abuse. (T. 12; ECF No. 11, p. 12). Step two of the regulations involves a determination, based

on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996).

    A. Borderline Intellectual Functioning (BIF)

The Plaintiff was seen by Dr. Stephen P. Nichols, a Clinical Psychologist, on September 8, 2010 for a Consultive Examination and diagnosed with Cognitive Disorder, NOS, Alcohol Dependence, in early full remission, and Borderline Intellectual Functioning. (T. 241). The ALJ stated that "other than the diagnosis of alcohol dependence, for reasons which will be further explained, I do not accept these diagnoses as valid." (T. 16). The ALJ went on to state that Dr. Nichols only saw the Plaintiff one time.

We have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. *See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). However, there are no treatment records in the court record prior to the Plaintiff filing his claim. Dr. Nichols is the only individual to observe the Plaintiff for a mental evaluation, other than the Plaintiff's care givers at Western Arkansas Guidance and Counseling. The Court notes that when DDS referred the Plaintiff to Dr. Nichols for a mental evaluation he was provided no "collateral information". (T. 239). Dr. Nichols noted that the Plaintiff had "significant tangential and circumstantial thinking" and that he felt that based on his "academic history, nature of prior work, and results of this

mental status examination" he believed that the Plaintiff was functioning "well below average intellectually, perhaps in the Borderline range".  (T. 240).  Dr. Nichols also felt that the Plaintiff "shows clear signs of cognitive dysfunction, of unknown etiology" and  noted that the Plaintiff had a long history of alcohol abuse, had suffered numerous head injuries, and had overdosed on medication and that any of these could have produced a decline in his intellectual functioning. (T. 241).

Dr. Winston Brown, M.D. provided a Mental RFC assessment on October 21, 2010 finding that the Plaintiff was only Moderately Limited in his ability to carry out detailed instructions and to maintain attention and concentration for extended periods, the ability to sustain and ordinary routine, the ability to accept instruction, the ability to respond appropriately to changes, and the ability to set realistic goals.  Accordingly Dr. Brown determined that the Plaintiff was "able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variable, little judgment; supervision required is simple, direct and concrete (unskilled)." (T. 251).

In his Psychiatric Review Technique form Dr. Brown accepted Dr. Nichols diagnosis and noted that the Plaintiff did have a Cognitive Disorder, NOS (T. 254) and BIF "by estimate" (T. 257).  He also noted that the Plaintiff had "etoh dependence in very early remission by clmt report". (T. 261). This opinion was affirmed by Dr. Kay Gale on December 13, 2010. (T. 272).

The ALJ also states that "there is no indication in the claimant's treatment records that the claimant has either a cognitive disorder or that his intelligence is below average.  (T. 17). APN Alice Slavens with Western Arkansas Counseling and Guidance saw the Plaintiff on January 26, 2011, She felt that his concentration and attention and reasoning were impaired but

that he did "appear to be of at least average intelligence". She diagnosed him with Bipolar I Disorder, Mixed, Severe with Psychotic Feature on Axis I, but the Axis II determination was "Deferred". (T. 285). The court thinks that it is crucial that APN Slavens was not comfortable enough to reach a diagnosis in regards to Axis II.[2]

The Defendant argues that the Plaintiff achieved a GED (Tr. 195) and he attended regular classes, not special education classes (Tr. 195) but both of these were facts that Dr. Nichols was aware of and considered. (T. 239).

The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a vocational expert. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). "While borderline intellectual functioning may not rise to the level of a disability by itself, a claimant is nevertheless entitled to have a vocational expert consider this condition along with [her] other impairments to determine how it impacts upon the claimant's residual functional capacity." Id. at 909 (*citing Pickney*, 96 F.3d at 297). We also have noted it is of no consequence whether the claimant's borderline intellectual functioning pre-dated her application; the vocational expert still must consider it along with the claimant's other impairments. *See Pickney*, 96 F.3d at 297 n. 3. *Grissom v. Barnhart* 416 F.3d 834, 837 (C.A.8 (Ark.),2005)

    B.  Development of the Record

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel."

---

[2]BIF is coded on Axis II.  See DSM IV, p. 740.

*Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994).  In this case the court feels that further development of the record is necessary to determine the Plaintiff intellectual level and whether he is within the category of Borderline Intellectual Functioning.

### IV. Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated this December 28, 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE